Felch v. Hills. Cty.                    CV-98-532-JD  02/08/00
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Howard M. Felch, Jr.

      v.                              Civil No. 98-532-JD
                                      Opinion No. 2000 DNH 032
Hillsborough County
Department of Corrections


                           O R D E R


     Pro se plaintiff Howard M. Felch, Jr., who was detained at

the Hillsborough County Department of Corrections ("HCDOC")

pursuant to a federal detainer, has filed this action alleging a

denial of adequate visitation with his family in violation of the

Fourteenth Amendment.[1]  The defendant, HCDOC, moves for summary

judgment (document no. 15).  Felch has not filed an objection.

                          Background

     Felch was detained at HCDOC from July 31, 1998, to November

23, 1998.  While Felch was detained, he was permitted one half-

hour of non-contact visitation with his family each week,

pursuant to HCDOC policy.  Visitation times are assigned

according to the various housing units within the Hillsborough

County Jail, so an inmate's scheduled visitation time changes

_____

     [1]Felch's claim under the Eighth Amendment was dismissed
pursuant to this court's order dated December 10, 1998.

whenever he is reassigned to a different housing unit. It is unclear from the record whether Felch was ever transferred to a different housing unit or had his visitation schedule changed while at HCDOC.

Felch alleges that visitation occurred through glass-walled booths and inmates communicated with their visitors via a telephonic device that required speakers to talk very loudly, compromising their privacy. Felch has family members, including a minor child, with whom he feels his familial bond degenerated due to the schedule and conditions of visitation at HCDOC. He claims that these circumstances caused him mental and emotional pain.

## Standard of Review

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). An issue is only genuine if there is sufficient evidence to permit a reasonable jury to find for the nonmoving party, while a fact is

2

only material if it has the potential to affect the outcome of the suit under the applicable law.  See Bourque v. FDIC, 42 F.3d 704, 708 (1st Cir. 1994) (citing NASCO, Inc. v. Public Storage, Inc., 29 F.3d 28, 32 (1st Cir. 1994)).  In response to a properly supported motion for summary judgment, the nonmoving party bears the burden to show a genuine issue for trial by presenting significant material evidence in support of the claim.  See Tardie v. Rehabilitation Hosp., 168 F.3d 538, 541 (1st Cir. 1999).  The record evidence is taken in the light most favorable to the nonmoving party.  See Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999).  Summary judgment will not be granted as long as a reasonable jury could return a verdict in favor of the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).


## Discussion

HCDOC argues that its visitation policy did not violate Felch's constitutional rights under the Fourteenth Amendment. Alternatively, HCDOC argues that it enjoys qualified immunity from suit.

The Due Process Clause protects pretrial detainees from being punished before an adjudication of guilt.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Collazo-Leon v. United States

3

Bureau of Prisons, 51 F.3d 315, 317 (1st Cir. 1995) (citing Bell). Therefore, in order to violate a pretrial detainee's right to due process, prison conditions must amount to punishment of the detainee. See id. If a particular condition of detention is reasonably related to a legitimate government concern, it does not amount to punishment, even if it may be viewed as having a punitive effect. See Collazo-Leon, 51 F.3d at 318. If the condition is arbitrary or unrelated to a legitimate government concern, the court may infer an intent to punish the detainee. See id. Included among legitimate government concerns are maintaining safety, internal order, and security within the detention facility. See id. at 318.

"Certain disabilities, such as restriction of movement and loss of freedom of choice and privacy, [are] natural by-products of the detention process, and should not be considered 'punishment' in the constitutional sense." Lyons v. Powell, 838 F.2d 28, 29 (1st Cir. 1988). For example, the Supreme Court has held that a blanket prohibition on contact visits is "an entirely nonpunitive response" to legitimate security concerns, and therefore does not violate a pretrial detainee's right to due process. Block v. Rutherford, 468 U.S. 576, 588 (1984); see also Feeley v. Sampson, 570 F.2d 364, 373 (1st Cir. 1978) (holding

4

rights of pretrial detainees not violated by ban on contact visits).

Any limitations on visitation must be justified by concerns of security and order.  See Feeley, 570 F.2d at 372.  However, "[w]hat days and hours and circumstances are reasonable is largely for the local authorities to decide in the first instance, subject only to limited court review for arbitrari- ness."  Id. (holding arbitrary for prison not to clarify how much visitation allowed).  The court accords prison administrators substantial deference to their judgment of policies and pro- cedures that are needed to maintain internal order and security, given their relevant expertise.  See Bell, 441 U.S. at 547-48; Feeley, 570 F.2d at 372.  Prison administrators must consider the physical limitations of the jail and security concerns when determining the time and duration of visitation.  See Feeley, 570 F.2d at 372.

HCDOC argues that tying an inmate's visitation schedule to his housing unit allows for fair and orderly visitation.  Safety concerns and administrative limitations prevent HCDOC from allowing each inmate to schedule individual visiting hours. HCDOC also argues that contact visits would be exceedingly dangerous, given the opportunity to transfer contraband. Therefore, barriers between the inmate and the visitors are

5

necessary for security reasons.

The record does not show a triable issue of fact. Based on the facts before the court on this motion for summary judgment, and given proper deference to prison administrators, HCDOC has shown that its visitation policies and procedures are nonpunitive and are reasonably related to legitimate government interests. Accordingly, HCDOC is entitled to summary judgment.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment is granted (document no. 15). The clerk shall enter judgment and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

February 8, 2000

cc:  Howard M. Felch Jr., pro se
     Carolyn M. Kirby, Esquire